# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER DIBLASIO,<br><br>　　　Defendant. | Case No. 2:10-cr-00456-LDG (VCF)<br>Case No. 2:14-cv-00514-LDG<br><br>**ORDER** |

　　　The defendant, Christopher Diblasio, moves pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence (#192), and further moves for appointment of counsel (#194), and applies for leave to proceed *in forma pauperis* (#193).  As it plainly appears from the Court's initial consideration of the motion and the record of prior proceedings that the defendant is not entitled to any relief, the Court will dismiss the §2255 motion and deny the remaining motions as moot.

　　　The underlying premise of defendant's motion is that the Supreme Court recognized a new right in *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151 (2013) that is retroactively applicable to cases on collateral review.  He further asserts that application of this newly recognized right establishes that mandatory minimum sentencing system under which he was sentenced violated his Fifth and Sixth Amendment rights.

Assuming that the Supreme Court recognized a new right in *Alleyne* that is retroactively applicable to cases on collateral review, the defendant is not entitled to any relief. In *Alleyne*, the Supreme Court overruled *Harris v. United States,* 536 U.S. 545 (2002) and concluded "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2155.

In the present matter, the Court sentenced the defendant to a statutory minimum sentence of ten years for violating 18 U.S.C. §924(c)(1)(A)(iii). Section 924(c)(1)(A)(i) establishes a minimum statutory sentence of five years for using and carrying a firearm during and in relation to a crime of violence. The minimum statutory sentence is increased to seven years if the firearm is brandished, §924(c)(1)(A)(ii), and to ten years if the firearm is discharged, §924(c)(1)(A)(iii). Thus, under *Alleyne*, brandishing and discharging a firearm must be recognized as elements of respective offenses as they are facts that increase the mandatory minimum sentence.

The record of prior proceedings in this case establishes that the defendant was charged with violating 18 U.S.C. §924(c)(1). In support of that charge, the superceding indictment charged that the defendant, during and in relation to a crime of violence, did knowingly use and carry a firearm by brandishing and *discharging* said firearm. In pleading guilty, the defendant admitted to discharging a firearm. The plea agreement expressly recognized that the statutory minimum sentence for the offense to which the defendant was pleading guilty was ten years. The Court, in accepting the defendant's plea, expressly notified him that the statutory sentence for the offense to which he was pleading guilty was ten years to life.

The record of the proceedings establishes that the defendant was charged with the element of discharging a firearm, was notified during the plea colloquy that the statutory sentence for discharging a firearm during and in relation to a crime of violence was ten years to life, and thereafter admitted to the element of discharging a firearm. Thus, the

defendant's Fifth and Sixth Amendment rights were not violated in connection with his conviction and sentencing for violating §924(c)(1)(A)(iii).

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#192) is DISMISSED;

THE COURT FURTHER **ORDERS** that Defendant's Application for Leave to Proceed *in Forma Pauperis* (#193) is DENIED as moot;

THE COURT FURTHER **ORDERS** that Defendant's Motion for Appointment of Counsel (#194) is DENIED as moot;

THE COURT FURTHER **DENIES** a Certificate of Appealability as it plainly appears from the motion and the record of prior proceedings that the defendant is not entitled to any relief;

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the Defendant.

DATED this __10__ day of April, 2014.

Lloyd D. George
United States District Judge

3